WILLIAM A. BEAIRD, plaintiff in error v. MARY FOREMAN, administratrix of JOSEPH FOREMAN, deceased, defendant in error.

*Error to St. Clair.*

In proceedings against a sheriff, under § 30 of the practice act, by motion, for failing to pay over money collected by him on execution, the judgment should be for the amount collected, and interest thereon, at the rate of *twenty per centum per annum.*

The remedy given by § 14 of the *"Act concerning Sheriffs and Coroners,"* is a distinct remedy from that given by § 30 of the practice act; and it is in the option of the plaintiff in execution to resort to whichever he pleases.

THIS was a writ of error from the decision of the Hon. Theophilus W. Smith, made at the March term, 1828, of the St. Clair Circuit Court.

A. W. SNYDER and J. SEMPLE, for the plaintiff in error.

A. COWLES, for the defendant in error.

BROWNE, Justice, delivered the opinion of the Court:

THIS case is brought into this Court on a writ of error from the St. Clair Circuit Court. It appears from the record, that the defendant in the Court below, as sheriff of St. Clair county, had collected on an execution in favor of the plaintiff, against Joseph Chance, John Bird and William Kinney, defendants in a replevin bond, the sum of $155,28½, which he did not pay over on request to the said plaintiff. A motion was thereupon made against the said sheriff, on due notice given under the 30th(1) section of the practice act of 1827, for judgment against him for said sum and 20 per centum thereon, from the time of collection till paid; and a judgment was accordingly rendered at the March term, 1828, against the said sheriff, in these words : " This day came the said plaintiff by her attorney, and satisfactory proof having been made to the Court, of the service of the notice according to law, and it appearing to the Court that the said defendant received the sum of $155,28½, it being the debt specified in said execution, and that he has been requested to pay over the same to the plaintiff, and hath failed so to do ; and the said defendant declining in open Court to make defence, it is therefore considered by the Court, that the said plaintiff do recover of the said defendant, the said sum of $155,28½ for her debt, and also interest, to be computed thereon, at the rate of 20 per centum per annum, from the 14th August, 1827, being the return day of said execution, until paid, for her damages, for failing to pay over the said money."

It is contended, in the assignment of errors, by the counsel for

(1) R. L. 494 ; Gale's Stat. 535.

the plaintiff in error, that this judgment is erroneous, because it awards 20 per centum per annum interest, as damages, instead of 20 per centum damages merely, upon the amount withheld: this position must be determined by the terms and intention of the statute which gives the remedy. By the act before referred to, a summary remedy is provided against sheriffs who shall neglect or refuse to return an execution, or who shall neglect or refuse to pay over money collected by them on execution. By giving such sheriff ten days' notice in writing, the plaintiff in the execution may have relief on motion in the Circuit Court, namely, an order upon the officer, and process of attachment, if necessary, to enforce it, when a return of the execution merely is sought; and when money has been collected, and withheld, a judgment may be rendered, after the proper steps, for the amount, with 20 per centum thereon, from the time of collection till paid. There being no question made by the assignment of errors, as to the regularity of such a judgment, the decision in this case must depend upon the construction of the words " 20 per centum from the time of collection till paid." That this means interest to be computed at that rate, for the time the money is withheld, whatever that time may be, the Court has no doubt. The words "from the time of collection till paid," would otherwise be insignificant and absurd. The legislature doubtless intended to take away from the sheriff all inducement to apply to his own use money collected by him; and a less rate of interest than 20 per centum in a country without usury laws, and where money is not more plenty than it ought to be, might not have removed the temptation which sheriffs sometimes very possibly fall into, to speculate upon the money of others in their hands. Common interest, with 20 per centum damages upon the amount when withheld for a long time, might, and in this State, often would, leave the sheriff a gainer by his breach of duty; and on the other hand, it might be no amends to the unfortunate plaintiff, who relied upon the prompt collection of his debt. Another provision of the statute, giving ten per centum, not as interest, but as damages, on the amount collected, has been referred to in the course of the argument, as having a bearing upon this point. It is section 14th(1) of an act of 1827, respecting sheriffs and coroners, and is an independent remedy applicable to the case, but which the defendant may not choose to pursue, the remedy being less efficacious. The two provisions are alternative. It is at the option of the plaintiff in the execution, to resort to whichever he pleases. When money has been retained but a short time, it would afford a more adequate satisfaction than the provision of the practice act, giving 20 per centum interest for the time the money was collected. In this view of the case, and the Court

(1) R. L. 576; Gale's Stat. 655.

D*

can see it in no other, the two provisions are perfectly consistent and proper. They both look to the security of the party whose money is improperly withheld, and to the prevention of such conduct in officers, by wholesome damages. The judgment is therefore affirmed with costs.

*Judgment affirmed.*